## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7420 | **DATE** | 2/26/2004 |
| **CASE TITLE** | Bowman vs. Illinois Department of Corrections et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 6/28/2004 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** IDOC's motion (Doc 5-1) to dismiss Bowman's complaint is granted in part and denied in part. Bowman is ordered to produce her EEOC Charge and Right to Sue letter within 10 days. Defendants are given to March 11, 2004 to answer the complaint. All discovery is ordered to be completed by June 28, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 27 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | '04 FEB 25 PM 11:14 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATACHA BOWMAN, both individually and as a representative of all other persons similarly situated,

    Plaintiff,

vs.

ILLINOIS DEPARTMENT OF CORRECTIONS and MICHAEL MCMANUS, in his official and individual capacities,

    Defendants.

03 C 7420

DOCKETED FEB 27 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Illinois Department of Corrections' ("IDOC") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

Because this is a motion to dismiss, we accept all well pleaded facts and allegations in the complaint as true and construe all inferences in favor of the Plaintiff. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002).



Due to the bare-boned factual allegations contained in Plaintiff Natacha Bowman's ("Bowman") complaint, very little information is known concerning the circumstances giving rise to this case. At some point in time Bowman was employed by IDOC. Her supervisor was Michael McManus, a named defendant in this case, who allegedly terminated Bowman on account of her sex. On October 21, 2003, Bowman filed the present lawsuit on behalf of herself and a class of female IDOC employees who have been sexually harassed or discriminated against on account of their sex.

Bowman's putative class action complaint contains the following allegations: (1) Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") for sex based discrimination; (2) violation of 42 U.S.C. § 1983 for depriving Bowman of her 14th Amendment property interest in her employment without due process of law; (3) violations of 42 U.S.C. § 1983 for depriving Bowman of her 14th Amendment right to equal protection under the law; and (4) tortious interference with a contract under Illinois law.

IDOC now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In the alternative IDOC moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) and to strike portions of Bowman's complaint.

## LEGAL STANDARD

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989)). A complaint need only specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002) (citing Beanstalk Group, Inc. v. AM General Corp., 283 F.3d 856, 863 (7th Cir. 2002)). Dismissal is proper only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). With these principles in mind, we now address the motion before us.

## DISCUSSION

As previously noted, Bowman's complaint is almost totally devoid of any specific facts surrounding IDOC's alleged inappropriate behavior. For her Title VII claim, all the complaint tells us is that Bowman was fired on account of her sex. As the Seventh Circuit has repeatedly reminded us, in order to survive a 12(b)(6) motion all that is required is "a short and plain statement showing the plaintiff is entitled to relief, the purpose of which is to give the defendant notice of the claims and the grounds they rest upon." Thompson, 300 F.3d at 753. So lax is the pleading standard

for Title VII claims that a plaintiff need not even plead a prima facie case of discrimination under the well known standard of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Skierkiewicz v. Sorema, 534 U.S. 506, 510 (2002). For instance, a plaintiff could successfully plead race discrimination by offering nothing more in its complaint than "I was turned down for a job because of my race." Bennett v. Schmidt 153 F.3d 516, 518 (7th Cir. 1998). We sympathize with IDOC's contention that Bowman could be much more helpful to both her adversary and this court by including such uncontroversial facts as the location, job description, and period of her employment. However, under the Seventh Circuit's liberal pleading regime, Bowman's assertions that she was an IDOC employee, Michael McManus was her supervisor, and that she was fired on account of her sex provide IDOC sufficient notice to answer her complaint of sex discrimination.

IDOC also seeks to dismiss Bowman's Title VII claim on the ground that she did not include her EEOC Charge of Employment Discrimination or Notification of Right to Sue with her complaint. Failure to include such documents does not provide a *per se* ground to dismiss the complaint for jurisdictional reasons. See Philbrick v. Marriot Madison West, 2004 WL 231131, *1 (W.D. Wis. 2004) (citing Gibson v. West, 201 F.3d 990 (7th Cir. 2000)). However, for the sake of confirming to the court

and IDOC that such documents exist, we hereby order that they be produced to IDOC and filed with this court within ten days of the date of this opinion.

Count Two of Bowman's complaint alleges a violation of 42 U.S.C. § 1983 in that her termination constituted a deprivation of a property interest in her employment without due process of law. To have a property interest in a benefit, a plaintiff must have a legitimate claim of entitlement and that claim of entitlement is found either in contract or state law. Board of Regents v. Roth, 408 U.S. 564, 577-78 (1971). However, beyond claiming that she had a property interest in her employment, Bowman fails to identify the state law or contract that entitled her to continued employment with IDOC. She has pleaded far less than the § 1983 plaintiffs in Perkins v. Silverstein, 939 F.2d 463, 468-469 (7th Cir. 1991), whose allegations of due process violations had much more factual support than Bowman's complaint yet were still dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). As such, Count Two is dismissed.

IDOC next moves to dismiss Bowman's claims of equal protection violations, Counts Three and Five, solely on the grounds that she has not "allege[d] any history of disparate treatment" by IDOC. Def. Mot. at p. 5. However, because Bowman did allege that "similarly situated male employees were treated differently," Compl. ¶ 29, we find that she has sufficiently pleaded allegations of a history of disparate treatment

to put IDOC on notice of her claims and survive a motion to dismiss Counts Three and Five.

IDOC moves to dismiss Count Four of Bowman's complaint on the grounds that she has not sufficiently pleaded the requisite elements of an Illinois tortious interference with a contract claim. To plead tortious interference with a contract under Illinois law a plaintiff must allege the following elements: (1) The existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other caused by the defendant's wrongful conduct; and (5) damages. HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc., 545 N.E.2d 672, 676 (Ill. 1989). Bowman's complaint fails to satisfy this requirement as it alleges that IDOC, not Bowman, breached her employment contract. Also, since a claim of tortious interference with a contract involves a defendant's wrongful actions towards an existing contract between the plaintiff and a third party, it is not a an appropriate cause of action for a dispute where the plaintiff and defendant are the two contracting parties. As such, Count Four of Bowman's complaint must be dismissed, with prejudice.

IDOC next moves to strike Bowman's prayers for punitive or exemplary damages because Counts One, Two, Three, and Five are against either IDOC, a state

agency, or McManus acting in his official capacity. A Title VII plaintiff may not recover punitive damages against a governmental agency, Baker v. Runyon, 114 F.3d 668, 669 (7th Cir. 1997), so Bowman's request for such damages against IDOC is hereby stricken. Also, a plaintiff suing a government official in his official capacity pursuant to 42 U.S.C. § 1983 may not recover punitive damages, Hill v. Shelander, 924 F.2d 1370, 1373 (7th Cir. 1991), so Bowman's requests for punitives as to the remaining counts of her complaint are stricken as well.

As to IDOC's contention that Bowman lacks standing to seek injunctive or declaratory relief, we will address this issue later should Bowman file a motion for class certification.

## CONCLUSION

IDOC's motion to dismiss Bowman's complaint is granted in part and denied in part. Bowman is ordered to produce her EEOC Charge and Right to Sue letter within ten days.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: FEB 2 6 2004